IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**CHRISTOPHER BARFIELD,**

    **Petitioner,**

v.                                       **Case No. 5:18-cv-00323**

**D.L. YOUNG, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 16, 2018, Petitioner, an inmate who was then housed at FCI Beckley, in Beaver, West Virginia[1], acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1) and a Memorandum in support thereof (ECF No. 2). Petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 300-month term of imprisonment imposed by the United States District Court for the Eastern District of Pennsylvania, following his conviction on one count of being a Felon in Possession of a Firearm. *United States v. Barfield*, No. 07-cr-481 (E.D. Pa., Apr. 23, 2008) (ECF No. 11, Ex. 1, Attach. C).

---

[1] The petitioner is now incarcerated at FCI Jesup in Jesup, Georgia.

Petitioner's section 2241 petition claims that he is entitled to prior custody credit for the time period between July 6, 2007 and April 28, 2014. An explanation of the procedural history of Petitioner's criminal cases will be helpful.

On May 3, 2007, Petitioner was arrested by state authorities in Philadelphia County, Pennsylvania for various offenses charged in Municipal Court Case No. MC-51-CR0020013-2007. (ECF No. 11, Ex. 1, Attach. A). Petitioner was released on bail that same day.

On July 5, 2007, Petitioner was arrested by state authorities in Philadelphia County, Pennsylvania for various offenses charged in Municipal Court Case No. MC-51-CR0031166-2007. (*Id.*, Attach. B). On July 9, 2007, while still in state custody, a bench warrant was issued for Petitioner's arrest in Municipal Court Case No. MC-51-CR0020013-2007. (*Id.*, Attach. A). On September 11, 2007, following a preliminary hearing, Petitioner was bound over for further proceedings. (*Id.*) On September 17, 2007, the Court of Common Pleas of Philadelphia County initiated Case No. CP-51-CR0011011-2007, concerning the charges filed in Municipal Court Case No. MC-51-CR0020013-2007 (hereinafter referred to as "Case No. CP-51-CR0011011-2007"). (*Id.*, Attach. D).

On September 25, 2007, Petitioner was borrowed by federal authorities pursuant to a writ of habeas corpus *ad prosequendum* to answer to charges in Case No. 07-cr-481. (*Id.*, Attachs. E and F).

On January 28, 2008, Counts 3-8 in Case No. CP-51-CR0011011-2007 and all of the charges in Case No. MC-51-CR0031166-2007 were withdrawn. (*Id.*, Attachs. A, B, and D). However, Counts 1 and 2 of Case No. CP-51-CR0011011-2007 remained pending. (*Id.*, Attach. D).

On April 22, 2008, Petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to the 300-month sentence discussed above. The judgment did not indicate whether the federal sentence was to be served concurrently with or consecutive to any other sentence. (*Id.*, Attach. C). On April 25, 2008, Petitioner was returned to state custody. (*Id.*, Attach. F).

On July 21, 2008, Petitioner was sentenced in the Court of Common Pleas of Philadelphia County to a term of imprisonment of 5-10 years on Counts 1 and 2 of Case No. CP-51-CR0011011-2007. (*Id.*, Attachs. D and G). The state court ordered this sentence to run concurrent with any other sentence Petitioner was then serving. (*Id.*, Attach. D). Petitioner received presentence custody credit on his state sentence from July 7, 2007 to July 21, 2008, the date his state sentences were imposed and began to run. (*Id.*, Attach. G).

On April 28, 2014, Petitioner was paroled by the state and released to federal custody to begin serving his federal sentence. (*Id.*, Attach. I). Petitioner was granted two days of prior custody credit against his federal sentence for the period between July 5, 2007 and July 7, 2007, for time spent in custody which was not credited to his state sentence. (*Id.*, Attachs. G and I).

The Federal Bureau of Prisons ("BOP") subsequently considered Petitioner's request for a *nunc pro tunc* designation and contacted the federal sentencing judge to determine his intent concerning how the federal sentence should run with respect to the state sentence. The federal court indicated that Petitioner's federal sentence was to run consecutive to his state sentence. (*Id.*, Attach. K). After reviewing Petitioner's case under the five factors set forth in 18 U.S.C. § 3621(b), the BOP denied Petitioner's request for a

3

*nunc pro tunc* designation on April 27, 2015. (*Id.*, Attach. L). Petitioner's projected release date, including credit for good conduct time, is February 4, 2036. (*Id.*, Attach. I).

On July 12, 2018, Respondent filed a Response to Order to Show Cause, as ordered by the court, asserting that Petitioner's sentence was correctly calculated and that he is not entitled to any further relief. (ECF No. 11). Petitioner did not file a reply. This matter is ripe for review.

## **ANALYSIS**

Following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a). The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (ECF No. 13 at 5). Furthermore, section 3585(b) of Title 18 generally prohibits a defendant from receiving double credit for detention time.

Thus, prior custody credit generally cannot be granted if the prisoner has already received credit toward another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence). (ECF No. 13 at 7). Additionally,

pursuant to 18 U.S.C. § 3584(a), when multiple terms of imprisonment are imposed at different times, such terms are deemed to run consecutively unless the court orders that such terms are to run concurrently. *See* 18 U.S.C. § 3584(a).

Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence."); *Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032 * 6 (S.D. W. Va. Aug. 11, 2008) ("When a federal court imposes sentence upon a defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No. 3:16cv31, 2016 WL 8115663 *5 (N.D. W. Va. Dec. 28, 2016). Furthermore, "borrowing"

5

a prisoner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad prosequendum*; he is merely on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D. W. Va. Jan. 31, 2017).

Petitioner's section 2241 petition seeks credit to his federal sentence for the time he served in custody between July 6, 2007[2] and April 28, 2014. Although Petitioner concedes that he was initially in the primary custody of the state when he was arrested by state authorities on or about July 5, 2007, he contends that when the charges in Case No. MC-51-0031166-2007 were dismissed on January 28, 2008, primary custody shifted to federal authorities. (ECF No. 2 at 5). His Petition further asserts:

> To be sure, Movant was arrested and charged with the criminal offense in Case No. CP-51-CR-0011011-2007 in November of 2005. But subsequent to that arrest the case was dismissed and Movant was released from custody. [FN 1 – Movant actually served time for a parole violation and then was released].] When the case was reopened, Movant was at liberty and continued to be at liberty until his July 6, 2007 arrest for the shooting charge in Case No. MC-51-031166-2007. This means that the dismissed shooting charge was the sole basis for the state arrest on July 6, 2007 . . . . Notwithstanding the fact that Case No. CP-51-CR-0011011-2007 was still pending, primary custody still shifted with the dismissal of Case No. MC-51-CR-031166-2007, because the former case number was never the basis for an arrest. A charge that does not generate an arrest does not establish the basis of obtaining custody of a prisoner.

(ECF No. 2 at 4).

Despite Petitioner's argument to the contrary, he stayed in state custody due to the bench warrant in Case Nos. MC-51-CR0020013-2007/CP-51-CR0011011-2007, for which

---

[2] Petitioner's petition documents suggest that he was arrested on the charges in MC-51-CR0031166-2007 on July 6, 2007. However, the documents provided by Respondent indicate that he was arrested on July 5, 2007, and the two days between July 5, 2007 and July 7, 2007 were previously credited against Petitioner's federal sentence.

he was ultimately convicted of two charges. Thus, the undersigned proposes that the presiding District Judge **FIND** (1) that the Commonwealth of Pennsylvania had primary jurisdiction over Petitioner because he was initially arrested by state authorities; (2) that such custody was not relinquished during the time Petitioner was on loan to federal authorities; and (3) that the state retained its primary jurisdiction until April 28, 2014, when Petitioner was paroled and taken into federal custody for service of his federal sentence. The undersigned further proposes that the presiding District Judge **FIND** that Petitioner received all prior custody credit to which he was due under 18 U.S.C. § 3585 and the BOP appropriately exercised its authority to deny Petitioner's request for a *nunc pro tunc* designation.

Petitioner bears the burden of demonstrating that he is in custody in violation of the Constitution or laws of the United States and he has not met that burden herein. *See* 28 U.S.C. § 2241(c)(3). Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner at FCI Jesup, and to transmit a copy to counsel of record.

November 15, 2019

Dwane L. Tinsley
United States Magistrate Judge